IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CASA DE MARYLAND, *et al.* | * | |
| Plaintiffs | * | |
| v. | * | Civil No. PWG-17-2942 |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.* | * | |
| | * | |
| Defendants | | |
| | *** | |

## ORDER

On April 27, 2018, Plaintiffs appealed Judge Titus' Order and Memorandum Opinion granting in part and denying in part Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF No. 52. On May 4, 2018, Defendants filed a cross-appeal. ECF No. 53. On February 25, 2019, Ricardo Aguilar Garcia filed a Motion to Intervene. ECF No. 66. Because Plaintiffs' and Defendants' appeals are pending, the Motion to Intervene will be denied. *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) (holding that "an effective notice of appeal divests a district court of jurisdiction to entertain an intervention motion").

I, however, recognize the general rule that a district court retains jurisdiction to enforce its judgments on appeal so long as it does not alter or enlarge the scope of them. *Springs v. Ally Fin. Inc.*, 657 F. App'x 148, 151 (4th Cir. 2016) (citations omitted). The difficulty with applying this rule to Mr. Garcia's case lies in the fact that he is not a party to the litigation, and the authority cited above divests me of the jurisdiction to allow him to intervene. Thus, while I retain the authority to enforce Judge Titus' judgment pending appeal, to move for such enforcement, Mr. Garcia must be a proper party before the Court, and based on the record, this necessary condition has not been satisfied.

Accordingly, it is this 9th day of April, 2019, by the United States District Court for the District of Maryland,

**ORDERED**, that Ricardo Aguilar Garcia's Motion to Intervene [ECF No. 66] is hereby **DENIED**.

_____
PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE