# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

July 17, 2020

**VIA ECF**
The Honorable Paul W. Grimm
United States District Judge
United States District Court, Maryland
6500 Cherrywood Lane
Suite 465A
Greenbelt, MD 20770

Re:   *CASA de Maryland, et al., v. United States Department of Homeland Security, et al.*, Case No. 8:17-cv-02942-PWG

Dear Judge Grimm:

In advance of the July 24, 2020 telephone status conference call (ECF 95) and pursuant to this Court's April 18, 2019 Order (ECF 77), Plaintiffs seek to advise this Court of their views regarding the remaining issues in the litigation, including Plaintiffs' concerns regarding Defendants' compliance with the Fourth Circuit's mandate vacating the rescission of the Deferred Action for Childhood Arrivals ("DACA") program. Until these issues are resolved, Plaintiffs request that this Court retain jurisdiction to ensure appropriate relief is granted in this matter.

## Procedural Posture and Background

On October 5, 2017, Plaintiffs (including nine immigrant rights organizations) filed a Complaint asking the court to enjoin and declare illegal the Defendants' September 5, 2017 termination of the DACA program, as well as the Defendants' threat to share personal information of DACA applicants and beneficiaries with immigration enforcement authorities, under the Administrative Procedure Act, the Fifth Amendment's Due Process and Equal Protection guarantees, and principles of common law estoppel. *See* Pls.' Compl., ECF No. 1. In addition to terminating DACA, on September 5, 2017, Defendants directed that "all initial DACA requests" and "applications for advance parole" be rejected. On March 5, 2018, Judge Titus entered a permanent injunction on the basis of Plaintiffs' estoppel claim preventing the government's use or sharing of information obtained through the DACA program for enforcement or deportation purposes in a manner inconsistent with the information policy DHS had publicized to DACA applicants during the pendency of that program. Judge Titus also dismissed Plaintiffs' APA and constitutional claims. Plaintiffs timely filed a notice of appeal on April 27, 2018, ECF No. 52, and the Government cross-appealed on May 4, 2018, ECF No. 53.

July 17, 2020
Page 2

On May 17, 2019, the Fourth Circuit entered its judgment affirming in part, reversing in part and vacating in part the judgment of this Court. ECF No. 83. In relevant part, the Fourth Circuit found "DACA's rescission is vacated as arbitrary and capricious, and the matter is remanded for further proceedings consistent with this opinion." ECF No. 83-1 at 36.

On May 28, 2019, the Government filed a petition for writ of certiorari with the Supreme Court, ECF No. 85. Throughout this period, the Fourth Circuit's mandate was stayed. See ECF Nos. 86, 89.

Following the Supreme Court's June 18, 2020 decision in *Dep't of Homeland Security v. Regents of the University of California*, No. 18-587, the Supreme Court denied the Government's petition in this case on June 29, 2020, ECF No. 92, and the Fourth Circuit's mandate became effective on June 30, 2020, ECF No. 93 (citing Fed. R. App. P. 41(a)).

## Questions Regarding Defendants' Compliance with the Fourth Circuit's Mandate

Since the Supreme Court decision, members of several of the Plaintiff organizations have submitted initial applications for DACA. These efforts have continued since the Fourth Circuit's mandate became effective. Although delivery of the applications has been confirmed, these applications have not been acknowledged or accepted for processing. Plaintiffs also are aware that since the Supreme Court decision and the effective date of the Fourth Circuit mandate, at least one applicant has received a form letter from Defendants returning their applications stating "USCIS is no longer accepting initial requests for Consideration of Deferred Action for Childhood Arrivals." *See* Ex. A. And the U.S. Citizenship and Immigration Services (USCIS) website continues to state that "USCIS is not accepting requests from individuals who have never before been granted deferred action under DACA." *I-821D, Consideration of Deferred Action for Childhood Arrivals*, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, https://www.uscis.gov/i-821d (last visited Jul. 17, 2020).

"Few legal precepts are as firmly established as the doctrine that the mandate of a higher court is 'controlling as to matters within its compass.'" *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939)). The "mandate rule" exists to give certainty that the issues appealed have been laid to rest and a prevailing party will receive the relief a higher court deems appropriate. Accordingly, on remand a district court and/or agency, "must, except in rare circumstances, " 'implement both the letter and spirit of the … mandate, taking into account [our] opinion and the circumstances it embraces.'" *Id.* (quoting *United States v. Kikumura*, 947 F.2d 72, 76 (3d Cir. 1991)).

Individuals eligible to apply for DACA, including Plaintiffs' members, have patiently waited more than 400 days from the Fourth Circuit's judgment for its mandate to become effective. At a March 4, 2020 Senate Hearing, Acting DHS Secretary Chad Wolf publicly committed to release DHS' plans in preparation for the Supreme Court decision. Ex. B. No such plans have been released. And over two weeks after the mandate was issued, the Government appears to have failed to implement the mandate, including resumption of consideration of initial DACA applications.

At the hearing, the Defendants should explain their efforts since the Supreme Court decision and the issuance of the Fourth Circuit mandate to comply with those orders. At a minimum, this explanation

July 17, 2020
Page 3

should include discussion of Defendants' efforts (i) to rescind the memoranda issued by both Acting Secretary Duke and Secretary Nielsen as well as any associated guidance issued to DHS employees, (ii) to begin processing properly submitted initial DACA applications as it would have under the status quo ante restored by the Fourth Circuit's mandate, and (iii) to begin processing properly submitted applications for advance parole.

## **Additional Matters to Address**

1. As prevailing parties in this litigation, Plaintiffs are entitled to an award of costs and fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. This was an action in which Plaintiffs sought judicial review of agency action, and which the Fourth Circuit (and the Supreme Court) have found that the position of the United States (that it had lawfully terminated DACA) was not substantially justified. 28 U.S.C. § 2412(d)(1)(A). *See Casa de Maryland v. DHS*, 924 F.3d 684, 704 (4th Cir. 2019) ("Plaintiffs argue that DACA's rescission was arbitrary and capricious because the Department of Homeland Security failed to give a reasoned explanation for the change in policy, particularly given the significant reliance interests involved. We agree."); *Regents*, Slip Op. at 26-28 ("the total recission was arbitrary and capricious . . . the rescission memorandum contains no discussion of forbearance or the option of retaining forbearance without benefits. [Defendants] entirely failed to consider that important aspect of the problem. That omission alone renders [Defendants] decision arbitrary and capricious. But it is not the only defect."). The Plaintiffs would like to discuss the timing for submission of their application for fees.

2. Because Defendants' implementation of the Fourth Circuit mandate appears to be ongoing, Plaintiffs request the Court retain jurisdiction to ensure appropriate relief is granted in this matter. *See, e.g., Peacock v. Thomas*, 516 U.S. 349 (1996) (federal courts have broad "inherent power" to enforce judgments); *Grissom v. The Mills Corp.*, 549 F.3d 313, 319 (4th Cir. 2008) ("the district court has the inherent power to compel Defendant to satisfy . . . judgment[s]").

Plaintiffs look forward to discussing these issues and any others relevant to resolution of this litigation.

Respectfully submitted,

/s/  Elizabeth J. Bower
Elizabeth J. Bower (*pro hac vice)*
Kevin B. Clark (D. Md. 04771)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC  20006
Tel: (202) 303-1000
ebower@willkie.com

/s/  John A. Freedman
John A. Freedman (D. Md. 20276)
Ronald A Schechter (*pro hac vice*)
Nancy L. Perkins (*pro hac vice*)
Emily Dillingham (*pro hac vice)*
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., N.W.
Washington, DC  20001-3743
Tel: (202) 942-5000
John.Freedman@arnoldporter.com

July 17, 2020
Page 4

Dennis A. Corkery (D. Md. 19076)
Washington Lawyers' Committee for Civil
Rights and Urban Affairs
700 14th Street NW, Suite 400
Washington, DC  20005
Tel: (202) 319-1000
Dennis_Corkery@washlaw.org

          Counsel for Plaintiffs


cc:  Counsel of Record via ECF