**VIA ECF**

The Honorable Paul W. Grimm
United States District Judge
United States District Court, Maryland
6500 Cherrywood Lane
Suite 465A
Greenbelt, MD 20770

Re:   *CASA de Maryland, et al., v. United States Department of Homeland Security, et al.*, Case No. 8:17-cv-02942-PWG

Dear Judge Grimm:

In advance of the July 24, 2020 telephone status conference call (ECF No. 94) and pursuant to this Court's April 18, 2019 Order (ECF 77), Plaintiffs wish to update the Court on various matters raised in our July 17, 2020 letter (ECF 96) that we request should be addressed on Friday.

As discussed in our July 17, 2020 letter, Plaintiffs have concerns regarding the Defendants' compliance with the Fourth Circuit's mandate vacating the rescission of the Deferred Action for Childhood Arrivals ("DACA") program, as well as the July 17, 2020 Order (ECF 97) implementing the mandate.

1.   The July 17, 2020 order specifically ordered that the "rescission of the DACA policy is VACATED, and the policy is restored to its pre-September 5, 2017 status."  ECF 97 ¶ 2.  Defendants do not appear to have implemented this aspect of the order in at least two critical areas.

First, prior to September 5, 2017, the Defendants accepted and considered DACA applications from individuals who previously had not applied for DACA.  In conjunction with the September 5, 2017 rescission, Defendants directed that "all initial DACA requests" be rejected.  As of earlier today, the website of Defendant U.S. Citizenship and Immigration Services (USCIS) continues to state that "USCIS is not accepting requests from individuals who have never before been granted deferred action under DACA." *I-821D, Consideration of Deferred Action for Childhood Arrivals*, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, https://www.uscis.gov/i-821d (last visited Jul. 22, 2020).  Ex. A.  The website indicates that it was last updated on February 14, 2020.  The website of Defendant U.S. Immigration and Customs Enforcement contains the same message.  *Deferred Action for Childhood Arrivals (DACA) and Deferred Action for Parents*, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, https://www.ice.gov/daca (last visited Jul. 22, 2020).  Ex. B.  In the three years since Defendants unlawfully rescinded DACA, thousands of individuals (including many of Plaintiffs' members) have become eligible for DACA, but have been prevented from obtaining DACA status by the Defendants' arbitrary and capricious actions.

Second, prior to September 5, 2017, the Defendants accepted applications for advance parole from DACA recipients, allowing them to seek permission to temporarily leave the United States.  In many cases, this travel was to visit family members who reside outside the country.  In conjunction with the September 5, 2017 rescission, Defendants directed that "all applications for advance parole" be rejected.    As of earlier today, the website of Defendant U.S. Citizenship and

Immigration Services (USCIS) continues to state that "USCIS will not accept or approve advance parole requests from DACA recipients." *Deferred Action for Childhood Arrivals: Response to January 2018 Preliminary Injunction*, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, https://www.uscis.gov/humanitarian/deferred-action-for-childhood-arrivals-response-to-january-2018-preliminary-injunction (last visited Jul. 22, 2020).  Ex. C.

2.   The July 17, 2020 order specifically ordered that the "information-sharing policies announced on September 5, 2017 are VOID."  ECF 97 ¶ 5.  Defendants do not appear to have implemented this aspect of the order either.  Indeed, Defendant USCIS's website contains no operative information about its use of information provided in connection with new or renewal applications for DACA.  Rather, a search for DACA-related information sharing policies reveals an archived page bearing a warning that "[t]he information on this page is out of date."  *DHS DACA FAQs,* https://www.uscis.gov/archive/frequently-asked-questions (last visited Jul. 22, 2020).  Ex. D.

The July 17, 2020 Order (ECF 97) was effective immediately.  As noted in our July 17 letter, Defendants have been planning since at least March 4, 2020 on how they would implement the Supreme Court decision.  Defendants' non-compliance with the Fourth Circuit mandate and Your Honor's July 17 Order should be addressed at Friday's hearing.

Plaintiffs look forward to discussing these issues and the other matters raised in our July 17 letter.

   Respectfully submitted,

| | |
|---|---|
| /s/  Elizabeth J. Bower | /s/  John A. Freedman |
| Elizabeth J. Bower (*pro hac vice*) | John A. Freedman (D. Md. 20276) |
| Kevin B. Clark (D. Md. 04771) | Ronald A Schechter (*pro hac vice*) |
| Willkie Farr & Gallagher LLP | Nancy L. Perkins (*pro hac vice*) |
| 1875 K Street, N.W. | Emily Dillingham (*pro hac vice*) |
| Washington, DC  20006 | Arnold & Porter Kaye Scholer LLP |
| Tel: (202) 303-1000 | 601 Massachusetts Ave., N.W. |
| ebower@willkie.com | Washington, DC  20001-3743 |
| | Tel: (202) 942-5000 |
| | John.Freedman@arnoldporter.com |

   Dennis A. Corkery (D. Md. 19076)
   Washington Lawyers' Committee for Civil
   Rights and Urban Affairs
   700 14th Street NW, Suite 400
   Washington, DC  20005
   Tel: (202) 319-1000
   Dennis_Corkery@washlaw.org

Counsel for Plaintiffs

cc:      Counsel of Record via ECF

2