# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CASA DE MARYLAND, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> *Defendants*. | Civil No. PWG-17-2942 |

## DEFENDANTS' MOTION FOR A ONE-WEEK EXTENSION OF TIME AND MODIFICATION OF JOINT STATUS REPORT REQUIREMENT

Defendants respectfully request (1) a one-week extension of time, until 5 p.m. on August 7, 2020, for the parties to file their forthcoming joint status report in this matter; and (2) a modification of the requirements for the contents of that joint status report. As good cause for this request, Defendants offer the following:

1. On Friday, July 24, 2020, the Court held a status conference in the above-captioned matter. After the status conference, the Court issued the following order:

> [T]he parties shall file a Joint Status Report by close of business on Friday, July 31, 2020, to include at a minimum, (1) a date by which Defendant will update its website; (2) Defendants' agreement to establish a process for acknowledging receipt of applications, and to address the accuracy of any denial letters to include sufficient information to explain reasons for rejection; (3) agreement between the parties on the information Plaintiffs seek for limited discovery prior to a Show Cause Motion and a deadline by which it will be provided (if needed, a narrowed list of disputed information on which I will need to rule); and (4) a proposed briefing schedule for a Show Cause Motion. Signed by Judge Paul W. Grimm on 7/24/2020.

2. At approximately 6 p.m. on Monday, July 27, 2020, counsel for Plaintiffs sent counsel for Defendants an email with a series of information requests. Defendants immediately began preparing a response to Plaintiffs' inquiry.

3. At approximately 2:30 p.m. on Tuesday, July 28, 2020, the Department of Homeland Security (DHS) issued a new memorandum ("the Wolf Memorandum") on the subject of "Reconsideration of the June 15, 2012 Memorandum Entitled 'Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children.'" *See* Ex. 1 to Defs.' Notice, ECF No. 102; *see also* https://www.dhs.gov/publication/reconsideration-june-15-2012-memo-entitled-exercising-prosecutorial-discretion-respect.

4. Defendants immediately notified Plaintiffs and the Court about the issuance of the Wolf Memorandum. *See* Defs.' Notice, ECF No. 102.

5. In the approximately 24 hours since the Wolf Memorandum was issued, Defendants also updated the DHS website (and the website of U.S. Citizenship and Immigration Services), in several respects, to accurately reflect the current status of the DACA policy.[1]

6. Defendants respectfully submit that the Wolf Memorandum substantially alters the landscape for further proceedings in this case, in a manner not contemplated by the Court at the time it issued its July 24 Order, which predated the Wolf Memorandum. As relevant here, the Wolf Memorandum explicitly rescinds both the Duke Memorandum and the Nielsen Memorandum, *see* Wolf Memorandum at 4, which (without prejudice to any future arguments), among other things, will likely have the effect of mooting all ongoing litigation challenging those memoranda, including this case. To the extent Plaintiffs wish to challenge the Wolf Memorandum under the Administrative Procedure Act, they may attempt to do so—either in a new lawsuit, or by seeking leave to file an amended complaint in this one.

7. The Wolf Memorandum also directly addresses some of the matters discussed at the recent status conference in this case, including some of the questions posed by Plaintiffs and the Court:

---

[1] *See, e.g.*, https://www.dhs.gov/news/2020/07/28/department-homeland-security-will-reject-initial-requests-daca-it-weighs-future (DHS press release); https://www.uscis.gov/ ("Please see the announcement and memorandum issued by Acting Secretary of Homeland Security Chad Wolf."); https://www.uscis.gov/humanitarian/deferred-action-for-childhood-arrivals-response-to-january-2018-preliminary-injunction (same).

> Since the issuance of the Supreme Court's decision, DHS has, on an interim basis, generally held properly submitted initial requests for DACA in anticipation of potential policy changes. Since July 24, DHS has likewise, on an interim basis, held all requests for advanced parole from current DACA recipients.[2] Consistent with the Court's express remand for the agency's reconsideration and the Napolitano Memorandum's clear statement that it conferred no substantive rights, DHS did not expand beyond the status quo of the past several years for a few weeks while it was determining next steps. I now conclude that all pending and future requests should be treated in the same manner, rather than be subject to differential treatment depending on the fortuity of when DHS received the request within a short period of uncertainty. Nothing in the Napolitano Memo purports to preclude me from exercising my enforcement discretion to make these changes on an interim basis while I consider whether to make more substantial changes on a permanent basis. Even under the Napolitano Memo, no aliens had a legal entitlement to receive DACA—much less a legal entitlement to a particular renewal period. Nor can aliens with pending requests assert any meaningfully greater reliance interests in their initial or continued enjoyment of the policy and the attendant benefits than aliens who submit such requests after the issuance of this memorandum.

*Id.* at 7 (footnote in original).

8. Although the Wolf Memorandum sets forth DHS's policy to not accept initial requests for DACA, it also explicitly provides that current DACA recipients can continue to submit DACA renewal requests, though it limits the period of any future grants of deferred action to one year, rather than the two years provided under the previous policy. *Id.* at 7. It allows DACA recipients to submit requests for advance parole, to be granted in "exceptional circumstances," *id.* at 5, which is a benefit that has *not* been available to DACA recipients during the pendency of the preliminary injunctions issued in other litigation challenging the Duke and Nielsen memoranda. And it reiterates that DHS will "[c]ontinue to comply with the information-sharing policy as

---

[2] "Prior to July 24, DHS's treatment of advance parole requests from DACA recipients varied. Many were rejected, while some were accepted and receipted. To the extent any rejected requestor believes exceptional circumstances support his or her request, he or she may now renew the request for advance parole, and it will be adjudicated on the terms set forth in this memorandum." Wolf Memorandum at 7 n.1.

3

reflected in the DACA Frequently Asked Questions issued alongside the Napolitano Memorandum." *Id.* at 8.

9. Given these significant intervening developments, and the short time remaining before the parties' current joint-status-report deadline, Defendants believe that a brief period of additional time for the parties to confer would be appropriate and beneficial to both the parties and the Court. With a brief period of additional time, Defendants believe it is far more likely that the parties will be able to reach meaningful agreement regarding what (if anything) comes next in this litigation. And a brief extension will not prejudice Plaintiffs, given the likelihood that any future litigation with respect to the Wolf Memorandum will, among other things, first require Plaintiffs to draft and file a new or amended complaint.

10. Accordingly, Defendants respectfully request that the parties' joint-status-report deadline be extended to 5 p.m. on August 7, 2020.

11. Relatedly, Defendants also respectfully submit that at least some of the topics specified in the Court's July 24, 2020 order requiring a joint status report have now been overtaken by events. Defendants thus request that the parties' obligation to file a joint status report be modified to address only the following subject, at a higher level of generality: "the nature of future proceedings in this case." Even with this modification, however, if necessary, the parties may, of course, still address some of the topics contemplated in the Court's original order, as appropriate.

12. Finally, Defendants also respectfully submit that another status conference may be appropriate—either in addition to, or in lieu of, the parties' forthcoming joint status report. Although Defendants defer to the Court's preference, should the Court wish to schedule another status conference, counsel for Defendants can be available at the Court's earliest convenience, including later this week.

13. Before filing this motion, counsel for Defendants conferred with counsel for Plaintiffs via telephone and email. Counsel for Plaintiffs reported that they oppose the relief requested in this motion. *See* Ex. 1 (email correspondence between E. Bower and S. Pezzi).

Dated: July 29, 2020                                  Respectfully submitted,

DAVID M. MORRELL
Deputy Assistant Attorney General

BRAD P. ROSENBERG
Assistant Branch Director

<u>/s/   *Stephen M. Pezzi*</u>
STEPHEN M. PEZZI
RACHAEL L. WESTMORELAND
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 305-8576
Fax: (202) 616-8470
Email: stephen.pezzi@usdoj.gov

*Attorneys for Defendants*