# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CASA DE MARYLAND, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Case No. 17-cv-2942 (PWG) ) ) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) ) ) |
| Defendants. | ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
FOR A ONE-WEEK EXTENSION OF TIME AND MODIFICATION
OF JOINT STATUS REPORT REQUIREMENT**

Plaintiffs respectfully submit this Opposition to Defendants' Motion for a One-Week Extension of Time and Modification of Joint Status Report Requirement (the "Motion").

1. Defendants' Motion should be denied because it is yet another thinly-veiled attempt by Defendants to delay implementation of the Supreme Court's decision in *Department of Homeland Security v. Regents of the University of California*, 140 S. Ct. 1891 (2020) ("*Regents*"), the Judgment of the Fourth Circuit Court of Appeals, ECF No. 83, published at *Casa De Maryland v. U.S. Department of Homeland Security*, 924 F.3d 684 (4th Cir. 2019), and this Court's Order of July 17, 2020, ECF No. 97.

2. Contrary to Defendants' contention, the Wolf Memorandum[1] does not "substantially alter[] the landscape of further proceedings in this case." Rather, it confirms the concerns Plaintiffs presented to the Court in letters dated July 17, 2020, ECF No. 96, July 22,

---

[1] The Wolf Memorandum refers to the memorandum issued by the Department of Homeland Security (DHS) titled "Reconsideration of the June 15, 2012 Memorandum Entitled 'Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children,'" dated July 28, 2020. *See* Ex. 1 to Defs.' Notice, ECF No. 102.

2020, ECF No. 99, and as expressed during the status conference on July 24, 2020 that Defendants have no intention of complying with the orders issued by the Supreme Court, the Fourth Circuit, or this Court vacating the unlawful Rescission Memo[2] and ordering Defendants to restore the DACA program to the status quo ante.

3. On June 18, 2020, the Supreme Court held that the Defendants' attempt to rescind DACA "was arbitrary and capricious in violation of the APA." *Regents*, 140 S. Ct at 1915. It also vacated the Rescission Memo. *Id.* at 1916.

4. Although the Supreme Court commanded DHS to "consider the problem anew," *id.*, its ruling was clear — "we conclude that the Acting Secretary did violate the APA, and that the rescission must be vacated" — thus restoring the DACA program during the pendency of any such reconsideration. *Id*. at 1901.

5. Additionally, the Fourth Circuit, which held on May 17, 2019, that its Judgment vacating the Rescission Memo "restores DACA to its pre-September 5, 2017, status," *Casa De Md.*, 924 F.3d at 693–94, issued its mandate on June 30, 2020. ECF No. 93 (citing Fed. R. App. P. 41(a)).

6. And then on July 17, 2020, this Court, among other things, ordered "[DACA] restored to its pre-September 5, 2017 status" and enjoined Defendants "from implementing or enforcing the DACA rescission and from taking any other action to rescind DACA that is not in compliance with applicable law." ECF 97 at 3 (citing *Casa De Md.*, 924 F.3d at 706).

7. Instead of complying with those rulings, Defendant DHS issued an interim action, the Wolf Memorandum, pending completion of the review process required by the APA and the Supreme Court before a final decision can be made. The Wolf Memorandum purports to make

---

[2] Memorandum from U.S. Dep't of Homeland Sec., Rescission of the June 15, 2012 Memorandum Entitled "Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children" (Sept. 5, 2017).

"immediate changes" to the DACA program "to facilitate [Acting Secretary Wolf's] thorough consideration of how to address DACA in light of the Supreme Court's decision." But those "immediate changes" are not to comply with the Courts' clear and unambiguous orders. Rather, the Wolf Memorandum purports to perpetuate or worsen the unlawful practices DHS has followed over most of the last three years — rejecting all pending and future initial applications for DACA, rejecting all pending and future applications for advance parole absent exceptional circumstances, and shortening renewals for current DACA recipients to one year instead of two. ECF 102-1. As a result, for an initial requestor of DACA status, and for a DACA recipient seeking advance parole, rather than returning the program to the status quo ante, ***as ordered***, DHS has announced its intent to maintain the substantial shutdown of DACA in effect *before they lost the litigation*. Thus, the "immediate changes" announced in the Wolf Memorandum are essentially nothing more than a substantial continuation of Defendants' unlawful practices and willful refusal to comply with the Court's orders.

8. Defendants thus have made clear their intent to ignore the Courts' orders and to carry on their unlawful withholding of DACA status and its associated benefits. But the law does not allow losing litigants the option of granting themselves an extra-judicial stay of the Courts' orders to suit their policy objectives. Plaintiffs' respectfully submit that the Wolf Memorandum is clear and unambiguous evidence of the Defendants' contempt of the Courts' orders. Therefore, rather than provide Defendants more time to continue to ignore their Court-ordered obligations, Plaintiffs respectfully submit that the Court should retain the July 31, 2020 status report deadline and its requirements, and compel Defendants to explain to this Court how their actions align with, or, more likely, stray from, each of the requirements outlined in the Court's July 24, 2020, paperless order ("July 24 Order").

9. Defendants provide no reasonable basis for delaying their explanation. By their own admission, "[t]he Wolf Memorandum also directly addresses some of the matters discussed at the recent status conference." Motion at 2. In their view, the effect of the Wolf Memorandum

is to minimize the number of issues to address in this litigation, not increase them. *Id*. at 2–4 ("Defendants . . . submit that at least some of the topics . . . have now been overtaken by events."). Accordingly Defendants have failed to explain why they need more time to address fewer issues.

10. Moreover, as Defendants admit, it was their decision to issue the Wolf Memorandum, including an updated website that now forms the basis of their Motion. Simply put, "these significant intervening developments" were within the control of Defendants, and they should bear any added burden of responding within this Court's reasonable deadline to ensure Plaintiffs' claims are resolved efficiently.

11. To that end, Plaintiffs are prepared to move forward with these proceedings expeditiously as outlined by the Court during the July 24 status conference and outlined in the July 24 Order. ECF No 101. Indeed, Plaintiffs complied with their obligation under the Court's July 24 Order and provided Defendants narrow, tailored discovery requests on Monday, July 27. Defendants have yet to reply to those requests.

12. Plaintiffs are prepared to address these discovery requests and an expedited briefing schedule on Plaintiffs' motion for an order to show cause to preserve the protections afforded DACA recipients, applicants, and eligible individuals by the Supreme Court and Fourth Circuit, in a July 31 status report, or sooner if the Court so requests. Defendants' characterization of the Wolf Memorandum and views on the potential impact of that Memorandum on further proceedings are best addressed in their response to Plaintiffs' forthcoming motion for order to show cause.

13. Defendants contend "a brief extension will not prejudice Plaintiffs"; nothing could be further from the truth. Altogether, DACA-eligible individuals have waited nearly three years for relief from a rescission that was arbitrary, capricious, and unlawful the entire time, and

Plaintiffs have anxiously and patiently waited more than 400 days for the relief granted to them by the Fourth Circuit Court of Appeals.

14. Plaintiffs have waited long enough. Defendants' stall tactics must end. As the Court said during the July 24 status conference, "[w]e have to get this thing into position as clearly and quickly and succinctly as we can." Tr. at 47.

15. The Court should deny the Motion.

Dated: July 30, 2020

Respectfully submitted,

/s/ Elizabeth J. Bower
Elizabeth J. Bower (*pro hac vice*)
Kevin B. Clark (D. Md. 04771)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC 20006
Tel: (202) 303-1000
ebower@willkie.com

Dennis A. Corkery (D. Md. 19076)
Washington Lawyers' Committee for Civil Rights and Urban Affairs
700 14th Street NW, Suite 400
Washington, DC 20005
Tel: (202) 319-1000
Dennis_Corkery@washlaw.org

John A. Freedman (D. Md. 20276)
Ronald A Schechter (*pro hac vice*)
Nancy L. Perkins (*pro hac vice*)
Emily Dillingham (*pro hac vice)*
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., N.W.
Washington, DC 20001-3743
Tel: (202) 942-5000
John.Freedman@arnoldporter.com

*Attorneys for Plaintiffs*

cc: Counsel of Record via ECF