IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CASA DE MARYLAND, *et. al.*,

        Plaintiffs,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et. al.,*

        Defendants.

Case No.: 17-cv-2942-PWG

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR LEAVE
TO FILE A TWO-PAGE SUR-REPLY IN FURTHER SUPPORT OF
PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE**

"Surreply briefs are generally disfavored in this District," and leave to file one will not be granted when the movants have failed to show, as here, that they "would be unable to contest matters presented to the Court for the first time in the opposing party's reply." *Woodbury v. Victory Van Lines*, 286 F. Supp.3d 685, 692 (D. Md. 2017). In their Opposition, Defendants asserted and relied upon a memorandum issued by Chad F. Wolf ("Wolf Memorandum") in his purported capacity of Acting Secretary of the Department of Homeland Security ("DHS"). (*See, e.g.*, Opp. at 5, 10.) Plaintiffs' Reply responded to that argument by pointing out, *inter alia*, that Mr. Wolf had no authority to issue the Wolf Memorandum on behalf of DHS because, as the U.S. Government Accountability Office ("GAO") found, he is not lawfully serving as the Acting Secretary of DHS. *See Aphena Pharma Sols.-Maryland LLC v. BioZone Labs., Inc.*, 912 F. Supp.2d 309, 314 (D. Md. 2012) (denying motion for leave to file a surreply where party responded to a position taken by the movant). Defendants have long been aware that Mr. Wolf's appointment was unlawful and could have addressed it in their Opposition. (ECF 118-1 at 2.) The fact that they chose not to do so should not serve as a basis for granting leave to file a surreply.[1] Therefore, Defendants' Motion for Leave to File a Two-Page Sur-Reply should be denied.

Even if the Court authorizes the filing (which it should not), nothing in Defendants' proposed surreply alters the conclusion that they are in contempt of the Courts' Orders. Defendants spent four pages (two page motion, two page proposed surreply) addressing one sentence in

---

[1] Defendants' reliance on *Casa De Maryland v. Wolf*, Docket No. 8:20-cv-02118 (D. Md. 2020), for its position that Plaintiffs were aware of the issue of Mr. Wolf's unlawful service before filing their Motion is misplaced. That Casa De Maryland or others identified legal infirmities in Mr. Wolf's status is not the same as the GAO, the organ of the federal government tasked to "ensure accountability of the federal government," (*see What GAO Is,* U.S GOV'T ACCOUNTABILITY OFF., https://www.gao.gov/about/what-gao-is/ (last visited Sept. 14, 2020, 1:28 PM)), concluding, *and informing Defendants that*, Mr. Wolf is not lawfully serving as the Acting Secretary.

1

Plaintiffs' reply brief – a sentence entirely incidental to the main point of our motion, which is the Defendants' failure to comply with the Courts' Orders. The sentence in question concerns the Defendants' failure to notify the Court that there is a serious legal question as to the validity of the Wolf Memorandum, or indeed, any actions taken by Mr. Wolf. Although Defendants characterize those questions as "meritless," *id.*, the GAO found that Mr. Wolf's assumption of his position was in clear violation of the law. The Defendants knew of that finding by the GAO in time to seasonably advise the Court and the Parties. Their failure to do so follows a chain of other statements made and actions taken by the Defendants in similar disregard of the legal process. For example, as demonstrated in Plaintiffs' Motion and Reply:

(1) in the immediate aftermath of *Regents*, Defendants challenged the Supreme Court's authority calling *Regents* "an affront to the rule of law;"

(2) after the Fourth Circuit Mandate and the July 17 Order were issued, Defendants publicly stated "we are not going back to the pre-2017 status quo," despite acknowledging that the Fourth Circuit Mandate required them to do so;

(3) for weeks after the Courts' Orders, Defendants displayed misleading information on the websites of the agencies tasked with handling DACA-related applications;

(4) Defendants rejected some initial requests for DACA status and applications for advance parole from DACA recipients based on the Duke Memorandum after the Courts' Orders vacated the Duke Memorandum; and

(5) Defendants secretly and intentionally did not process other initial requests for DACA status and only revealed the facts that they were not processing those applications after questioning from the Court.

(*See* Mot. at 5-6, 8-10, 15-17; Reply at 3-6.)  Then, by issuing the Wolf Memorandum, Defendants announced that they will not comply with the Courts' Orders while they reconsider the original DACA policies promulgated in 2012.  Whether Mr. Wolf or Defendant DHS ultimately overcome the legal challenges to Mr. Wolf's authority to perform the functions of Acting Secretary of Defendant DHS does not alter the conclusion that Defendants' repeated and willful violations of the Courts' Orders are clear and indisputable.

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion to File a Two-Page Sur-Reply, grant Plaintiff's Motion for Order to Show Cause, and grant any further relief it deems appropriate.

Dated: September 14, 2020                                                                 Respectfully submitted,

 */s/* Elizabeth J. Bower
Elizabeth J. Bower (*pro hac vice*)                                      John A. Freedman (D. Md. 20276)
Kevin B. Clark (D. Md. 04771)                                             Ronald A. Schechter (*pro hac vice*)
Kyle A. Mathews (*pro hac vice*)                                        Arnold & Porter Kaye Scholer LLP
Willkie Farr & Gallagher LLP                                               601 Massachusetts Ave., NW
1875 K Street, NW                                                               Washington, DC  20001-3743
Washington, DC 20006-1238                                             (202) 942-5000
(202) 303-1000                                                                      John.Freedman@arnoldporter.com
EBower@willkie.com

Dennis A. Corkery (D. Md. 19076)
Washington Lawyers' Committee                                       *Attorneys for Plaintiffs*
For Civil Rights And Urban Affairs
700 14th Street NW, Suite 400
Washington, DC 20005
(202) 319-1000
dennis_corkery@washlaw.org

## CERTIFICATE OF SERIVCE

I hereby certify that on September 14, 2020, a copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

>  */s/* Elizabeth J. Bower
>  Elizabeth J. Bower