**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

February 26, 2021

RE: *Casa de Maryland et al. v. DHS et al.*
    17-cv-2942-PWG

## **LETTER ORDER**

Dear Parties:

Pending is the Plaintiffs' motion for an order to show cause why Defendants should not be held in contempt or, in the alternative, to compel compliance with the Fourth Circuit mandate, ECF No. 115. The motion has been fully briefed. ECF Nos. 116, 117.

The Supreme Court, Fourth Circuit, and this Court have each ruled that DHS's decision to rescind the DACA program was arbitrary and capricious. Pl.'s Mot. 17, ECF No. 115-1[1] (citing *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1915 (2020); *Casa de Md. v. Dep't of Homeland Sec.*, 924 F.3d 684, 706 (4th Cir. 2019); July 17, 2020 Order, ECF No. 97 at 3). These decisions required Defendants to accept and consider initial requests for the Deferred Action for Childhood Arrivals ("DACA") program and applications for advance parole, which the Government acknowledged. Ex. A to Pls.' Mot., ECF 115-2. Despite this knowledge, Plaintiffs state, Defendants "willfully ignored their obligation to restore the status quo ante" (that is, to DACA's status prior to its September 5, 2017 recession), defying the Fourth Circuit's mandate and my July 17 order. Accordingly, Plaintiffs seek a contempt order against Defendants for their failure to restore the DACA program to its pre-September 5, 2017 status. Pl.'s Mot. 17.

Upon ordering that the rescission of the DACA policy was to be vacated, my July 17, 2020 order dismissed the Plaintiff's constitutional claims in this case and directed the clerk to close the case. However, the issue of Defendants' compliance with the Fourth Circuit mandate remained, and I held video conference calls on July 24 and 31, 2020 where I ordered the parties to reach an agreement for limited discovery prior to Plaintiff's show cause motion and directed them to submit a briefing schedule. I approved the parties briefing schedule, ECF No. 111, and the parties proceeded to submit their briefs.

On January 21, 2021, Defendants filed a Notice informing the Court of recently inaugurated President Biden's Memorandum titled "Preserving and Fortifying Deferred Action for Childhood Arrivals (DACA)." ECF No. 128. The memo directs the Secretary of Homeland Security and the Attorney General to preserve and fortify DACA.

In light of this directive from the new administration, it is apparent to me that the issues surrounding compliance with the Fourth Circuit's mandate and my July 17, 2020 order are being

---

[1]   Citations to page number correspond to the CM/ECF pagination, not pagination of the parties.

re-reviewed. In the interests of judicial economy, the pending motion for an order to show cause, ECF No. 115, is hereby denied without prejudice while the administration reviews the DACA program. The motion is subject to reinstatement by the Plaintiffs if the policy review fails to address the issues raised in Plaintiff's motion.

It is further ordered that the parties provide the Court with joint status reports every 45 days, the first one due on April 12, 2021, updating me on the status of the administration's review and any other issues pertinent to the resolution of this case.

Although informal, this is an Order of Court and will be docketed accordingly.

Sincerely,

/s/

Paul W. Grimm
United States District Judge